Javier CARD, F7682–91, Jerome Edwards, Jr., F4437–92, Antoine W. Rice, F6601–92, Appellants,

v.

UNITED STATES, Appellee.

Nos. 94–CF–754, 94–CF–801 and 94–CF–1147.

District of Columbia Court of Appeals.

April 29, 2002.

Before: WAGNER, Chief Judge; TERRY*, STEADMAN*, SCHWELB, FARRELL, RUIZ*, REID, GLICKMAN, and WASHINGTON, Associate Judges.

## AMENDED ORDER

PER CURIAM:

On consideration of the petitions of each appellant for rehearing or rehearing en banc, appellee's consolidated opposition thereto, appellant's (Card's) motion for leave to file the lodged reply brief in support of petition, and the letter of counsel for appellant (Rice) pursuant to D.C.App. R. 28(k), it is

ORDERED that the motion of appellant (Card) for leave to file the lodged reply brief is granted and the Clerk is directed to file the lodged reply brief of appellant (Card) in support of petition. It is

FURTHER ORDERED by the merits division* that the petitions for rehearing are denied[1]; and it appearing that the majority of the judges of this court has voted to grant the petitions for rehearing en banc, it is

FURTHER ORDERED that the petitions for rehearing en banc are granted. Rehearing en banc is limited to the issues arising under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), including whether those issues were preserved in the trial court and the applicable standard of appellate review. Although the court does not limit the arguments the parties may present on these issues, the parties shall, in light of the facts and circumstances of the case, address the application of Batson to allegations of both race-based and religion-based exercise of the right of peremptory challenge. It is

FURTHER ORDERED that appellants are encouraged to agree upon and file a single brief addressing these issues. The brief or briefs of appellants shall be filed on or before May 31, 2002; the responsive brief of appellee shall be filed no later than July 1, 2002. Appellants may reply on or before July 22, 2002. Each party shall file ten copies of its briefs. It is

FURTHER ORDERED that the Clerk shall schedule these matters for argument before the court sitting en banc as soon as the calendar permits. It is

FURTHER ORDERED that any requests for extension of time will be looked upon with disfavor and will be granted only upon a showing of good cause.

Judge RUIZ would grant the petitions for rehearing.

---

1. Appellant Edwards asserts that the merits division's opinion did not specifically address his argument that the trial court improperly limited his cross-examination of Detective Bradley, who testified about Edwards's confession. The limitation related to an exculpatory statement Edwards had given months before to another person. At best the prior statement, if admissible at all, was of questionable relevance, and any error in the limitation was harmless.